```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|                           |   |                         |
|---------------------------|---|-------------------------|
| UNITED STATES OF AMERICA  | : |                         |
|                           | : |                         |
| v.                        | : | Criminal No. AW 96-0077 |
|                           | : |                         |
| PATRICK ADIGWE            | : |                         |
|                           | : |                         |

**MEMORANDUM OPINION**

On November 18, 2015, Patrick Adegwe filed a letter requesting that his federal criminal record be expunged. (ECF No. 1). He states that he's been a law abiding citizen, is currently a business owner and a current professor at Bowie State University after having obtained a Ph.D. from Howard University in 2004. He further states that he became a citizen in 2007 and is happily married with three (3) children.

The court file reflects that on July 19, 1996, Mr. Adigwe was sentenced to 30 days' imprisonment followed by three (3) years supervised release to include six (6) months home detention for his conviction of dealing in counterfeit United States obligations.

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Neither the Constitution nor any federal statute expressly grants federal district courts the authority to expunge federal criminal convictions. *See United*

States v. Mitchell*, 683 F.Supp.2d 427, 429 (E.D.Va. 2010). There is, however, a split of authority among circuit courts as to "whether there is ancillary jurisdiction to entertain a proceeding to expunge based solely upon equitable considerations." *United States v. Harris*, 847 F.Supp.2d 828, 831-32 (D.Md. 2012) (*quoting* 13 Charles Alan Wright, *et al.*, Federal Practice and Procedure, § 3523.2 at 217-18). The United States Court of Appeals for the Fourth Circuit held in *Allen v. Webster*, 742 F.2d 153 (4th Cir. 1984), that in considering whether or not expungement should be granted on equitable grounds:

> courts must be cognizant that the power to expunge "is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *United States v. Linn*, 513 F.2d 925, 927 (10th Cir.), cert. denied, 423 U.S. 836 (1975). Such extreme circumstances have been found and records ordered to be expunged where procedures of mass arrests rendered judicial determination of probable cause impossible, *Sullivan v. Murphy*, 156 U.S.App.D.C., 478 F.2d 938 (1973); where the court determined the sole purpose of the arrests was to harass civil rights workers, *United States v. McLeod*, 385 F.2d 734 (5th Cir. 1967); where the police misused the police records to the detriment of the defendant, *Wheeler v. Goodman*, 306 F.Supp. 58 (W.D.N.C. 1969); or where the arrest was proper but was based on a statute later declared unconstitutional, *Kowall v. United States*, 53 F.R.D. 211 (W.D.Mich. 1971).

The court explained in *United States v. Banks*, Crim. Action Nos. 5:90CR115-01, 5:94CR5, 2013 WL 5806286, at *3 (N.D.W.Va. Oct. 29, 2013), however, that some district courts within the Fourth

Circuit have distinguished the *Webster* case in light of the Supreme Court's *Kokkonen*[1] decision in the intervening time period:

> Some district courts within the Fourth Circuit . . . have held that *Webster* is not applicable to expungement cases in which the defendant is seeking expungement of a federal conviction. For instance, in *United States v. Mitchell*, 683 F.Supp.2d 427 (E.D.Va. 2010), the court held that because (1) *Webster* came after *Kokkonen* and (2) *Webster* dealt with a criminal conviction that was later acquitted, it is not applicable to cases that (1) take place after *Kokkonen* and (2) deal with criminal convictions that have not been acquitted. *Mitchell*, 683 F.Supp.2d at 430. Other Fourth Circuit district courts have adopted the reasoning of *Mitchell*. *United States v. Harris*, 847 F.Supp.2d 828, 833 (D.Md. 2012); *Sambou v. United States*, 2010 WL 3363034 (E.D.N.C. Aug. 24, 2010).
>
> This Court finds that the reasoning in *Mitchell* is sound and should be applied to this case. *Webster* did not address the issue of ancillary jurisdiction; pre-dated *Kokkonen*, and thus did not discuss the implications of that pronounced ancillary jurisdiction standard; and dealt with a criminal conviction that had been acquitted. Those facts make *Webster* wholly distinguishable from the case at hand, where a convicted defendant seeks expungement that can only be given if this Court has ancillary jurisdiction. Further, as the court in *Mitchell* discussed, an expungement of conviction petition does not

---

[1] In *Kokkonen*, the Supreme Court of the United States concluded that federal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80.

> fall within the two purposes set forth in *Kokkonen*.

*Cf. United States v. McKnight*, 33 F.Supp.3d 577 (D.Md. 2014) (finding ancillary jurisdiction where defendant sought expungement of an arrest record following dismissal of all counts associated with the case and where the government acquiesced in the request).

Here, Mr. Adigwe does not assert that his arrest or conviction was unlawful; indeed, he has provided no basis for the extraordinary remedy he seeks. In similar circumstances, other courts have declined to order expungement. *See Harris*, 847 F.Supp.2d at 835; *Gary v. United States*, Crim. No. WDQ-01-0150, 2013 WL 5977998 (D.Md. Nov. 1, 2013). Accordingly, Mr. Adigwe's request will be denied by a separate order which follows.

                                                   /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge